### BORG–WARNER CORPORATION v. ACCURATE PARTS MFG. CO.

#### Civ. No. 19936.

District Court, N. D. Ohio, E. D.

Sept. 30, 1941.

William R. Day (of Oberlin, Limbach & Day), of Cleveland, Ohio, for plaintiff.

A. J. Hudson (of Kwis, Hudson & Kent), of Cleveland, Ohio, and Max W. Zabel (of Zabel, Carlson, Gritzbaugh & Wells), of Chicago, Ill., for defendant.

JONES, District Judge.

The Master's report, the objections thereto of both parties, and briefs, have been duly considered and upon full review I agree with the Master that the Reed patent, 1,839,590, is invalid for want of invention, but, if valid, infringement is present. However, I think injunction and recovery for infringement would not be available remedies if the patent were held to be valid, due to delay of seven years in taking action, considering all the circumstances.

As to the Nutt and Reed patent, 2,101,410, the validity of the claims in issue leans for support most heavily upon the presumption of validity implicit in their allowance by the Patent Office. Modern mechanical skill directed to current clutch problems, with the aid of what has been disclosed in earlier patents, well might have come upon the elements of importance thought to be new in Nutt and Reed's patent, although in a sense that might amount to discovery. It it not always easy for the lay mind, at least, to discern where mechanical skill ends and mechanical genius or discovery comes in. The multi-stage feature or the means relied upon as new, at least in part, was revealed in the Saks and Gamble earlier patents. Doubt is resolved in favor of validity by a narrow margin and in narrow scope.

The Master examined the defendant's clutch plates alleged to infringe and visited the defendant's factory and was satisfied that the infringement, if such there was, was not intentional. This, like much of the Master's action, was directed to finding the facts. In such situation, the findings of the Master should appear to be clearly erroneous before they are rejected by the Court. Not being able so to find, the the Master's disposition of and recommendation in respect of the infringement is adopted; that is, injunctive relief, only, is granted against future infringement.